MINUTE ENTRY
MAY 8, 2024
ROBY, M.J.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-105 |
| JOVANNA R GARDNER | SECTION: D |

### DETENTION HEARING

PRESENT: X/DEFENDANT

__/ DEFENDANT CONSENTED TO APPEAR BY VIDEO

X/COUNSEL FOR THE DEFENDANT  GRAHAM BOSWORTH (CJA)

700 CAMP STREET SUITE 112, NEW ORLEANS, LA 70130

X/ASST. U.S. ATTORNEY  MATTHEW PAYNE

__/INTERPRETER _____
(Interpreter designated by the Court and sworn. Time _____ M. to _____ M.)

X/GOVERNMENT WITNESS(ES) Amanda Eby; sworn and testified
Amy LaPointe; sworn and testified Gov. Exhibit A admitted under Seal and attached

X/DEFENSE WITNESS(ES) Renay Gardner; sworn and testified

MJSTAR: 00:1:15

JOVANNA R GARDNER                           24-105 D

DEFENDANT                                   CASE NO.

**THE COURT ORDERS AFTER HEARING TESTIMONY PRESENTED IN THE ABOVE CAPTIONED MATTER:**

__/ DEFENDANT IS ENTITLED TO RELEASE.  BOND SET AT _____

_____

SPECIAL CONDITIONS: (1) HE SHALL NOT COMMIT A FEDERAL, STATE OR LOCAL CRIME DURING THE PERIOD OF RELEASE; (2) HE SHALL NOT INTERFERE WITH, INTIMIDATE, THREATEN, HARM, OR INFLUENCE ANY JUROR, GOVERNMENT WITNESSES, VICTIMS OR FEDERAL AGENTS.

_____

__/THE COURT ACCEPTED DEFENDANTS VERBAL CONSENT IN LIEU OF SIGNATURE ON THE APPEARANCE BOND AND ORDER SETTING CONDITIONS OF RELEASE.

__/ GOVERNMENT ADVISED OF ITS OBLIGATIONS TO PRODUCE ALL EXCULPATORY EVIDENCE TO THE DEFENDANT PURSUANT TO *BRADY V. MARYLAND* AND ITS PROGENY AND ORDERED TO DO SO TIMELY.

__/ DEFENDANT EXECUTED THE BOND AND WAS RELEASED.

__/ DEFENDANT REMANDED TO THE CUSTODY OF THE U.S. MARSHAL UNTIL BOND IS PERFECTED.

X/ DEFENDANT IS NOT ENTITLED TO RELEASE.

X/ DEFENDANT IS ORDERED DETAINED AND REMANDED TO THE CUSTODY OF THE U.S. MARSHAL.

X/ WRITTEN FINDINGS AND STATEMENT OF REASONS ORDERING DETENTION FILED.

__/ IT IS STIPULATED THAT IF THE AGENT WERE CALLED TO TESTIFY, SAID TESTIMONY WOULD BE CONSISTENT WITH THAT CONTAINED IN THE COMPLAINT/AFFIDAVIT.
__/ IT IS STIPULATED THAT IF THE PRETRIAL SERVICES/PROBATION OFFICER WERE CALLED TO TESTIFY, SAID TESTIMONY WOULD BE CONSISTENT WITH THAT CONTAINED IN HIS/HER REPORT.
__/THE DEFENDANT WAIVED/STIPULATED TO DETENTION RESERVING HIS/HER RIGHT TO REOPEN

__/ OTHER: _____

_____

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| United States of America<br>v.<br><br>JOVANNA R GARDNER<br>*Defendant* | )<br>)<br>)  Case No. 24-105 D<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☒ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☒ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

   ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
   **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
   **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States

- [ ] Subject to removal or deportation after serving any period of incarceration
- [ ] Prior failure to appear in court as ordered
- [ ] Prior attempt(s) to evade law enforcement
- [ ] Use of alias(es) or false documents
- [ ] Background information unknown or unverified
- [ ] Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

- [ ] The defendant stipulates to detention with a reservation of the right to reurge should circumstances permit.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 5-8-24

_United States District Judge / Magistrate Judge_