UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET** |
| **VERSUS** | * | **NO. 24-105** |
| **JOVANNA GARDNER** | * | **SECTION "D"(1)** |

### MEMORANDUM IN SUPPORT OF
### MOTION TO REOPEN DETENTION HEARING

Defendant Jovanna Gardner, has moved this Honorable Court to reopen the detention hearing in this matter. In support of that motion, Ms. Gardner offers the following reasons:

1.

Ms. Gardner was originally charged with one count of conspiracy to commit mail and wire fraud in alleged violation of 18 USC §§ 1343, 1349 as well as one count of conspiracy to commit witness tampering through murder in alleged violation of 18 USC §§ 1512(a)(1)(C), 1512(a)(3)(A), 1512(k), as well as one count of witness tampering through murder in an alleged violation of 18 USC §§ 1512(a)(1)(C), 1512(a)(3)(A), and 2, one count of conspiracy to retaliate against a witness through murder in an alleged violation of 18 USC §§ 1513(a)(1)(B), 1513(a)(2)(A), 1513(f), and one count retaliation against a witness through murder in an alleged violation of 18 USC §§ 1513(a)(1)(B), 1513(a)(2)(A), and 2.

2.

As a result of those charges, Ms. Gardner was facing a potential mandatory life sentence. Accordingly, when Ms. Garnder appeared before Magistrate Judge Karen Wells Roby on May 6, 2024, the court remanded Ms. Gardner.

3.

Title 18, United States Code, Section 3142(f) provides for a review of the detention hearing. It states that:

> The hearing may be reopened before or after a determination by the judicial officer, at any time. . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

4.

In the intervening months since her arrest and incarceration the nature of the defendant's charges has changed dramatically. Ms. Garner's charges were reduced to one count of conspiracy to commit witness tampering, without violence, in violation of 18 USC §§ 1512(b)(3), 1512(k). R. Doc. 45. Ms. Gardner has also entered a guilty plea to that charge. R. Doc. 48. As a result, Ms. Gardner is facing significantly reduced sentencing range.

5.

It is unknown, however, when sentencing in Ms. Gardner's case will actually occur. As such, there is the real possibility that, if left in detention, Ms. Gardner could spend significantly more time in jail waiting for sentencing than she would otherwise have been sentenced to at the conclusion of this case.

6.

Moreover, since the original detention hearing in this case, new proposed residence options have become available. Should U.S. Probation find any of those options suitable, the possibility

of a suitable residence would have material bearing on whether Ms. Gardner should be released onto bond pending sentencing.

7.

Assistant United States Attorney Matthew Payne has been contacted and objects to this motion to review detention.

Respectfully submitted this 6th day of August, 2024.

LAW OFFICE OF GRAHAM BOSWORTH

/s/ Graham Bosworth
GRAHAM BOSWORTH, #29538
700 Camp Street
New Orleans, Louisiana 70130
Telephone: (504) 507-0831
gbosworth@bosworthlegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Matthew Payne, Assistant United States Attorney, 650 Poydras Street, New Orleans, Louisiana 70130.

/s/ Graham Bosworth
GRAHAM BOSWORTH, #29538