UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| **v.** | * | **SECTION: "D"(1)** |
| **JOVANNA R. GARDNER** | * | |
| | * * * | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
JOVANNA R. GARDNER'S MOTION TO REOPEN DETENTION HEARING**

The United States of America, through the undersigned attorneys, hereby opposes Jovanna R. Gardner's Motion to Reopen Detention Hearing. *See* Rec. Doc. 52.[1]

In May 2024, a federal grand jury in the Eastern District of Louisiana charged Gardner and codefendant Ryan J. Harris in a five-count indictment with various crimes related to staged automobile collisions and the murder of a federal witness. *See* Rec. Doc. 1. Following Gardner's indictment, the government moved for her pretrial detention based on risk of flight and danger to the community. *See* Rec. Doc. 56 (Transcript of Detention Hearing), p. 3; *see also* 18 U.S.C. § 3142(f)(2). After a detention hearing that included testimony from FBI Special Agent Amanda Eby, *see* Rec. Doc. 56, pp. 5-40; Pretrial Services Officer Amy Lapointe, *see* Rec. Doc. 56, pp. 40-44, 57-60; and Gardner's mother, *see* Rec. Doc. 56, pp. 45-56; Judge Roby found that Gardner should be detained. Rec. Doc. 56, pp. 68-69. Among the reasons for Judge Roby's finding were that:

---

[1] The government assumes that Gardner has additional reasons for requesting to reopen her detention beyond those specified in her motion. In the event it would assist the Court in resolving Gardner's motion, the government suggests a phone conference. The government has contacted Gardner's counsel, who agrees with that suggestion.

- Gardner was accused of using phones to facilitate a murder with Harris, and Pretrial Services would be unable to monitor Gardner's phone usage if she was released, *see* Rec. Doc. 56, p. 68;

- After meeting with the government shortly before she was indicted, Gardner contacted Harris over the phone more frequently than she had before the meeting, *see* Rec. Doc. 56, p. 68; and

- Gardner's mother "wasn't 100 percent transparent" about her criminal history during her testimony at the detention hearing, *see* Rec. Doc. 56, pp. 68-69; *see also* Rec. Doc. 56, p. 58 (Pretrial Services Officer Lapointe testifying that Gardner's mother had two misdemeanors that she failed to report during her testimony).

Additionally, in her written reasons for detaining Gardner, Judge Roby found that:

- Under 18 U.S.C. § 3142(e)(2), a rebuttable presumption in favor of detention existed because Gardner had been charged with a crime for which the maximum term of imprisonment was life, Rec. Doc. 26, p. 3;

- The weight of the evidence against Gardner was strong, Rec. Doc. 26, p. 4;

- Gardner was subject to a lengthy term of incarceration if convicted, Rec. Doc. 26, p. 4; and

- Gardner had a prior criminal history. Rec. Doc. 26, p. 4; *see also United States v. Lawrence*, S.D. Tex. No. 12-cr-199, Doc. 101 (judgment reflecting Gardner's conviction for misprision of a felony and sentence to term of imprisonment of 27 months).

In June 2024, Gardner pleaded guilty to a superseding bill of information charging her with conspiracy to commit witness tampering. *See* Rec. Doc. 45 (superseding bill of information); Rec.

Doc. 48 (plea agreement); Rec. Doc. 49 (factual basis). The factual basis supporting Gardner's guilty plea makes clear that, although Gardner assisted Harris in a scheme to obstruct cooperation by federal witness Cornelius Garrison, she did not know that her conduct would lead to Garrison's murder. Rec. Doc. 49, p. 2.

Gardner filed the instant motion to reopen her detention on August 6, 2024. Rec. Doc. 52. In her motion, Gardner references her plea to a lesser offense and states that new proposed residence options have become available since her incarceration. *See* Rec. Doc. 52. Gardner's motion is based on 18 U.S.C. § 3142(f), which provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Because Gardner has pleaded guilty, the applicable statute under which to consider her request for a bond is 18 U.S.C. § 3143, not § 3142(f). *See United States v. Stephens*, No. 19-37, 2020 WL 4504446, at *2 (E.D. La. Aug. 5, 2020) (Vitter, J.). Section 3143 creates a rebuttable presumption in favor of detention for a convicted defendant. It states that "'[t]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).'" *Id.* at *3 (quoting 18 U.S.C. § 3143(a)).

Gardner has not overcome § 3143's rebuttable presumption by citing her guilty plea or her new proposed residence options. Even assuming Gardner could overcome the rebuttable presumption, the same reasons that Judge Roby found at Gardner's detention hearing support Gardner's continued detention pending her sentencing. Gardner's motion should be denied.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*/s/ Matthew R. Payne*
MATTHEW R. PAYNE
BRIAN M. KLEBBA
Assistant United States Attorneys
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3000
E-Mail: Matthew.Payne@usdoj.gov

*/s/ J. Ryan McLaren*
J. RYAN McLAREN
Trial Attorney, Bank Integrity Unit
Money Laundering & Asset Recovery Section
U.S. Department of Justice, Criminal Division
1400 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 305-0155
E-Mail: Ryan.McLaren@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice to all counsel of record.

*/s/ Matthew R. Payne*
MATTHEW R. PAYNE
Assistant United States Attorney

4