UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO:   24-105** |
| **JOVANNA R. GARDNER** | **SECTION: "D" (1)** |

## ORDER

Before the Court is Defendant Jovanna Gardner's **Motion to Reopen Detention Hearing (R. Doc. 52)**. Plaintiffs seek an Order reopening the detention hearing on this matter to permit her home incarceration with electronic monitoring pending eventual sentencing. This matter referred to the undersigned for hearing and or determination. R. doc. 58.

### I.   Background

####   A.   Factual Background

Gardner was originally charged with one count of conspiracy to commit mail and wire fraud in alleged violation of title 18 USC §§1343, 1349 and one count of conspiracy to commit witness tampering through murder. R. doc. 52.  Additionally, Gardener was charged with one count of witness tampering through murder, one count of conspiracy to retaliate against a witness through murder and one count retaliation against a witness through murder. Id.  On May 6, 2024, a detention hearing was conducted and the undersigned remanded Gardner.

In the months since her arrest and incarceration, Gardner's charges have been modified and reduced to one count of conspiracy to commit witness tampering without violence in violation of 18 U.S.C. §§ 1512(b)(3), 1512(k). R. doc. 52. Gardner has plead guilty to the pending count and due to the indeterminate nature of when her sentencing will occur, Gardner seeks a rehearing of the Court's detention order. Id. Gardner points out that she could spend significantly more time

in jail waiting for sentencing when she would otherwise have been sentenced at the end of the case. Id. Gardner also points out that since the original detention hearing, new proposed residence options have become available which if found suitable by probation could result of her being released.  Id.

The United States if America opposes Gardner's request.  The government contends that Gardner relies upon the wrong statute for bond; rather than § 3142 (f), she should rely on § 3143. The government further contends that Gardner's motion fails to meet the standard required by § 3143 and therefore the request for a rehearing should be denied.

**II.     Standard of Review**

Under the Bail Reform Act, a detention hearing may be reopened at any time before trial "if the judicial officer finds that [1] information exists that was not known to the movant at the time of the hearing and [2] that has material bearing on the issue [of risk of flight or dangerousness]." 18 U.S.C. § 3142(f). The Fifth Circuit has "interpreted this standard as asking whether any 'new' information was presented." *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (citations omitted). "Courts interpreting new and material information for purposes of § 3142(f) require truly changed circumstances, something unexpected, or a significant event, and courts have interpreted the requirements of this provision strictly such that a defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing." *United States v. Hemani*, 684 F. Supp. 3d 579, 584 (E.D. Tex. 2023) (quoting United States v. Jacob, No. 21-31, 2023 WL 2867324, at *5 (E.D. La. Apr. 10, 2023)) (cleaned up).

### C. Analysis

Gardner seeks to reopen her detention hearing because the nature of the case has changed, a superseding indictment charged her with one count of conspiracy which she has pled guilty to. She contends that because she does not know when her sentencing hearing will take place and that she has found alternate housing options that she should be released on bond.

The government opposes the motion. The government contends that the reasons proposed by Gardner for her release do not warrant a reopening of her detention hearing.

Title 18 U.S. C. 3143(a) provides that except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

Section (2) provides that the judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--

> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

In considering Gardner's request, the Court notes that Gardner has failed to present clear and convincing evidence that there is no likelihood that she would flee nor that she poses any danger to another person or the community. Further, Gardner does not suggest that the government has recommended no sentence of imprisonment for her. Finally, while the sentencing hearing for Gardner has yet to be set, this does not form a basis for a rehearing on detention.d.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Jovanna Gardner's **Motion to Reopen Detention Hearing (R. Doc. 52.)** is **DENIED.**

New Orleans, Louisiana, this 3rd day of September 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**